UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARLENE KATZ                                CIVIL ACTION

VERSUS                                      NO: 06-4155

STATE FARM FIRE & CASUALTY                  SECTION: R(2)
COMPANY, ET AL.

**ORDER AND REASONS**

Before the Court is defendants' motion for partial summary judgment on plaintiff's claim regarding excess flood insurance. For the following reasons, the Court DENIES the motion.

I.  **BACKGROUND**

Plaintiff Marlene Katz is a Louisiana homeowner whose property was damaged by Hurricane Katrina. Plaintiff's home is located at 5600 Marcia Avenue in New Orleans and was insured under a homeowners' policy issued by defendant State Farm Fire and Casualty Company. The policy contained coverage in the amount of $562,200 for dwelling and $56,220 for dwelling

extensions (Coverage A), $421,650 for personal property (Coverage B), and additional living expenses (Coverage C). (R. Doc. 59, Exhibit A).  Plaintiff's home was also insured under a Standard Flood Insurance Policy (SFIP) administered by State Farm as a Write-Your-Own carrier pursuant to the National Flood Insurance Program.  The SFIP provides coverage in the amount of $250,000 for dwelling and $100,000 for personal property.  State Farm paid plaintiff the full limits of her flood insurance policy and a total of $6,772.70 under her homeowner's policy. (R. Doc. 58-8).

On August 8, 2006, plaintiff sued State Farm and one of its agents, Anthony Cemo.  Plaintiff asserted claims of breach of contract, improper claims adjustment, and spoliation of evidence against State Farm.  Plaintiff also alleged that State Farm and Cemo breached their fiduciary duties to plaintiff by misrepresenting information about the availability of excess flood insurance and failing to provide plaintiff with such insurance.  On June 22, 2007, defendants moved for partial summary judgment on plaintiff's valued policy law allegations and plaintiff's excess flood allegations. (R. Docs. 30 & 31).  The case was subsequently transferred to Judge Duval in Section K and consolidated with the *In re: Katrina Canal Breaches Consolidated Litigation*, since plaintiff's home was damaged by flooding from the breach of the 17th Street Canal. (R. Docs. 42 & 46).  Judge

Duval initially granted defendants' motions for partial summary judgment. (Case No. 05-4182, R. Doc. 9362). But plaintiff moved for reconsideration, and Judge Duval granted the motion and vacated the order granting summary judgment. (Case No. 05-4182, R. Doc. 10665).

On May 16, 2008, plaintiff's case was separated and deconsolidated from *In re: Katrina Canal Breaches Consolidated Litigation,* and transferred back to Section R. (R. Doc. 47). State Farm now moves for partial summary judgment on the issue of whether plaintiff's excess flood allegations are perempted.

## II. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no

genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex,* 477 U.S. at 325; *Lavespere,* 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex,* 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

**III. DISCUSSION**

Plaintiff's claims regarding excess flood insurance arise out of a conversation plaintiff had with State Farm agent Cemo in September 2004. Plaintiff contacted Cemo about procuring excess flood insurance over and beyond the NFIP limits of $250,000 for dwelling coverage and $100,000 for contents coverage. Plaintiff alleges that Cemo misrepresented to her that excess flood insurance could not be purchased on the private market, from any

4

insurer, and that the NFIP limits were the maximum flood insurance available. Plaintiff alleges that she relied on this misrepresentation in choosing merely to increase her flood insurance coverage to the NFIP limits. Defendants previously moved for summary judgment on this issue, and Judge Duval found that factual issues precluded summary judgment on the claim. (R. Doc. 53-4, Hearing Trans., 17:4-10).

Under Louisiana law, the peremption period for actions against an insurance agent for tort or breach of contract is one year. La. Rev. Stat. § 9:5606. The peremption period begins to run on either the date of the alleged act, omission, or neglect, or on the date that the alleged act, omission, or neglect was discovered or should have been discovered. La. Rev. Stat. § 9:5606(A). Here, defendants contend that the peremption period began to run in September 2004, when Cemo allegedly told plaintiff that she could not procure excess flood insurance. Plaintiff asserts that the peremption period began to run around August 29, 2005, when plaintiff discovered that Cemo's statements were false.

Successive motions for summary judgment are disfavored, *see Allstate Finance Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961), but a district court has discretion to allow successive

5

motions. *See Enlow v. Tishomingo County, Miss.*, 962 F.2d 501, 507 (5th Cir. 1992). In particular, a subsequent summary judgment motion based on an expanded record is permissible. *Id.* at 506. Defendants allege that their summary judgment motion should be considered anew since "the peremption issue has not been thoroughly addressed in this case." (Def.'s Mem. at 2).

Defendants' original summary judgment motion alleged peremption as a ground for relief. (R. Doc. 31 at 21). Defendants also argued the peremption issue during oral argument before Judge Duval. (Hearing Trans., 16:10-17:2). Judge Duval explicitly ruled that factual issues precluded summary judgment on the preemption issue:

> I'm going to deny the Motion for Summary Judgment. I think this is a case of negligent misrepresentation, and the facts that are going to go to the jury, one what was, in fact, said and not said. Two, was it justified reliance? Three, was there preemption? In other words, that's really a fact question I find that should go to the jury.

(Hearing Trans., 17:4-10). Defendants have presented no new evidence or arguments as to why summary judgment is warranted — they essentially just ask the Court to reverse Judge Duval's ruling.

The Court declines to reconsider the earlier summary judgment ruling based on defendants' unfounded presumption that

6

the peremption issue was not addressed.  Defendants argued the peremption issue in their motion and at oral argument, and at the hearing, Judge Duval clearly stated that there were factual issues with regard to peremption.  Defendants cannot assume that Judge Duval's denial of summary judgment means he did not consider the issue.  Further, the Court agrees that there are genuine issues of fact as to when plaintiff knew or should have known that Cemo's statements were false.  Defendants contends that plaintiff knew, or should have known, that she could procure excess flood insurance when she talked to Cemo.  But plaintiff has provided evidence that she did not discover that Cemo's statements were false until around August 29, 2005, when she learned that excess flood insurance was available. (R. Doc. 64, Katz Depo., 60:10-25).  As such, there are factual issues as to when Cemo's alleged misrepresentation was discovered or should have been discovered, triggering the peremption period. *See* La. Rev. Stat. § 9:5606(A).  Summary judgment is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for summary judgment on plaintiff's excess flood allegation claim.

7

New Orleans, Louisiana, this  7th  day of May, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE