UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARLENE KATZ                                    CIVIL ACTION

VERSUS                                          NO: 06-4155

STATE FARM FIRE & CASUALTY                      SECTION: R(2)
COMPANY, ET AL.

**ORDER AND REASONS**

Before the Court are both parties' objections to exhibits. The Court rules as follows.

I.  **BACKGROUND**

Plaintiff Marlene Katz is a Louisiana homeowner whose property was damaged by Hurricane Katrina. Plaintiff's home is located at 5600 Marcia Avenue in New Orleans and was insured under a homeowners' policy issued by defendant State Farm Fire and Casualty Company. The policy contained coverage in the amount of $562,200 for dwelling and $56,220 for dwelling extensions (Coverage A), $421,650 for personal property (Coverage

B), and additional living expenses (Coverage C). (R. Doc. 59, Exhibit A). Plaintiff's home was also insured under a Standard Flood Insurance Policy (SFIP) administered by State Farm as a Write-Your-Own carrier pursuant to the National Flood Insurance Program. The SFIP provides coverage in the amount of $250,000 for dwelling and $100,000 for personal property. State Farm paid plaintiff the full limits of her flood insurance policy and a total of $6,772.70 under her homeowner's policy. (R. Doc. 58-8).

On August 8, 2006, plaintiff sued State Farm and one of its agents, Anthony Cemo. Plaintiff alleges that State Farm and Cemo negligently misrepresented information about the availability of excess flood insurance to plaintiff.

**II. DISCUSSION**

    **A.    Plaintiff's objections**

    *1.    Plaintiff's condominium claim file*

Plaintiff contends that the claim file for plaintiff's former condominium in New Orleans should be excluded as irrelevant. The Court considered plaintiff's identical argument in her motion in limine and found that the evidence was irrelevant. The Court thus SUSTAINS her objection.

    *2.    Expert documents*

Plaintiff moves to exclude the following exhibits: (a) the

June 14, 2007 expert report of Edward VanHoven, (b) the March 6, 2009 expert report of VanHoven, (c) photographs taken by VanHoven, (d) sketches and measurements of the property at 5600 Marcia Avenue prepared by VanHoven, (e) the June 14, 2007 expert report of James R. Danner, Jr., (f) sketches of the property at 5600 Marcia Avenue by Danner, (g) the expert report of Bruce Bender, and (h) any documents, studies, literature, or other materials referred to and/or relied upon by Bruce Bender in his report. Plaintiff contends that the evidence is irrelevant, unduly prejudicial under Rule 403, unauthenticated, and inadmissible hearsay. The Court finds that defendants' expert reports are inadmissible hearsay and thus SUSTAINS plaintiff's objections to (a), (b), (e), and (g).

The Court OVERRULES plaintiff's objection to photographs taken of plaintiff's former home by VanHoven. The photographs are relevant to the degree of flood damage to plaintiff's dwelling, and defendants have indicated that VanHoven will authenticate the documents at trial. *See* Fed. R. Evid. 901(b)(1).

The Court OVERRULES (d) plaintiff's objection to the sketches of the house's floor plan and measurements of the home at 5600 Marcia Avenue. Defendants' expert can clearly testify that he sketched the house and took measurements at trial. The Court sees no evidence that the sketches, which essentially just

show the dimensions and floor plan of plaintiff's home, are prejudicial. Because the probative value in the sketches and measurements, insomuch as they illustrate the layout of plaintiff's home, substantially outweighs any minimal prejudicial effect, the sketches and measurements can be disclosed to the jury to assist in their evaluation of VanHoven's expert opinion. *See* Fed. R. Evid. 703.

A footnote in plaintiff's memorandum indicates that plaintiff no longer objects to (f), the sketches or drawings of the home at 5600 Marcia Avenue prepared by James Danner. This objection is now moot.

The Court SUSTAINS (h) plaintiff's objection to the introduction of documents, studies, literature, or other materials referred to or relied upon by Bruce Bender in his expert report. The documents at issue are mostly reports or studies on excess flood insurance generally. For example, the documents relied upon include an NFIP Flood Insurance Manual, news clippings regarding AIG's Flood Insurance Program, news clippings for Chubb Insurance Company's Excess flood insurance program, and the Lexington Insurance Company Excess Flood Insurance Program Description. Defendants generally argue that all of these documents are admissible under the recorded recollection hearsay exception (Rule 803(5)), the business

4

records hearsay exception (Rule 803(6)), the market reports hearsay exception (Rule 803(17)), and or the residual hearsay exception (Rule 807).  Defendants have made no arguments as to how these documents are relevant to plaintiff's claim, nor do they demonstrate how they satisfy the hearsay exceptions proposed.  Further, defendants do not contend that these exhibits are facts or data that should be disclosed to the jury to assist in the evaluation of the expert's opinion. *See* Fed. R. Evid. 703.  Accordingly, the documents are excluded.

 *3. Plaintiff's current insurance information*

 Plaintiff contends that the insurance information for her home in Florida should be excluded as irrelevant.  The Court considered plaintiff's identical argument in her motion in limine and found that the evidence was relevant and admissible.  The Court thus OVERRULES her objection.

 *4. Documents regarding repairs by current owners*

 Plaintiff contends that documents regarding repairs by the current owners to her former home at 5600 Marcia Avenue should be excluded as irrelevant, unduly prejudicial, and inadmissible hearsay.  Again, plaintiff has already asked the Court to rule on this issue in her motion in limine, and the Court found that the evidence was relevant and admissible.  The Court thus OVERRULES her objection.

*5. Plaintiff's 2002-2005 federal tax returns*

Plaintiff contends that her income tax returns should be excluded as irrelevant or more prejudicial than probative. Defendants argue that because plaintiff must prove that she would have purchased excess flood coverage but for Cemo's alleged misrepresentation, the documents, which show that the expected premium for the excess flood coverage would have equaled 5% of plaintiff's gross average income, are relevant to whether plaintiff would have actually purchased such insurance. The Court finds that, given the high premiums for excess flood coverage, plaintiff's income is relevant to whether she would have actually purchased such insurance. The probative value of this evidence is substantial and is not outweighed by any potential prejudice. Further, plaintiff has not moved for the exclusion of this evidence because of any privacy concerns. Accordingly, the Court OVERRULES plaintiff's objection.

*6. Sale documents for plaintiff's house and condominium*

Plaintiff contends that documents regarding the sale of her home at 5600 Marcia Avenue and her condominium in New Orleans should be excluded as irrelevant and unduly prejudicial. Because defendants have not opposed the objection to this evidence, the Court SUSTAINS it and will exclude these exhibits.

7. *Computer records of plaintiff's insurance information*

Plaintiff asserts that an exhibit consisting of the computer records of plaintiff's insurance information should be excluded as irrelevant, unduly prejudicial, and inadmissible hearsay. Because defendants have not opposed the objection to this evidence, the Court SUSTAINS it and will exclude this exhibit.

**B. Defendants' objections**

Defendants' memorandum notes that defendants have withdrawn a number of their objections listed in the Pre-trial Order. Since those objections are now moot, the Court will not consider them.

1. *Expert report and photographs of Scott Claire*

Defendants contend that Claire's expert report should be excluded as hearsay. The Court SUSTAINS the objection to Claire's report, but will allow the introduction of the photographs as long as they are authenticated.

2. *State Farm marketing and advertising documents, Copy of* Premium Pages, *and pages from tonycemo.com and statefarm.com*

Defendants contend that certain State Farm marketing and advertising documents, a copy of *Premium Pages*, and printouts from the tonycemo.com and statefarm.com websites are irrelevant since plaintiff has provided no evidence that plaintiff ever saw these materials or relied upon them in her decisions about flood

insurance. The documents do not appear facially irrelevant, as they could be probative of plaintiff's reliance on the representations of State Farm and/or plaintiff's knowledge concerning the existence of excess flood insurance. The Court defers ruling on the objections until the documents are offered at trial.

 3. *Appraisal*

Defendants object to the introduction of a pre-Katrina appraisal of plaintiff's property at 5600 Marcia Avenue. Defendants contend that the appraisal is irrelevant, hearsay, unauthenticated, and essentially testimony of an undisclosed expert witness.

The Court finds that the appraisal, which is essentially an expert opinion on the value of plaintiff's home, is hearsay and thus cannot be admitted for the truth of the matter asserted in the appraisal. *See* Fed. R. Evid. 801(c). But if plaintiff intends to offer the appraisal for a nonhearsay purpose, such as to show her knowledge of the value of her home, the appraisal may be admitted as long as she properly authenticates it as an appraisal of her property.

 4. *State Farm's discovery responses*

Defendants object that this exhibit is overly broad and contend that plaintiff should state with specificity which

discovery responses and/or documents produced in connection therewith should be introduced into evidence. This objection is OVERRULED because the Court finds no exhibits meeting this description in plaintiff's benchbook.

### III. CONCLUSION

Accordingly, the Court OVERRULES the objections in part and SUSTAINS the objections in part.

New Orleans, Louisiana, this 14th day of May, 2009

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE