UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARLENE KATZ                                    CIVIL ACTION

VERSUS                                          NO: 06-4155

STATE FARM FIRE & CASUALTY                      SECTION: R(2)
COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is plaintiff's motion to review the Court's taxation of costs. (R. Doc. 128). For the following reasons, the Court DENIES the motion.

### I. Background

Plaintiff Marlene Katz is a Louisiana homeowner whose property was damaged by Hurricane Katrina. Plaintiff's home is located at 5600 Marcia Avenue in New Orleans and was insured under a homeowners' policy issued by defendant State Farm Fire and Casualty Company. On August 8, 2006, plaintiff sued State Farm and one of its agents, Anthony Cemo. Plaintiff asserted

claims of breach of contract, improper claims adjustment, and spoliation of evidence against State Farm. Plaintiff also alleged that State Farm and Cemo breached their fiduciary duties to plaintiff by misrepresenting information about the availability of excess flood insurance and failing to provide plaintiff with such insurance. On May 26, 2009, after a three day jury trial, the Court entered a judgment against Katz and in favor of State Farm and Cemo. (R. Doc. 122).

After the trial, defendants State Farm and Cemo moved the Court to assess costs against Katz under Federal Rule of Civil Procedure 54. (R. Doc. 123); *see* Fed. R. Civ. P. 54(d)(1)("Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."); *see also Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)(applying "a strong presumption that the prevailing party will be awarded costs.")(citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). Specifically, State Farm and Cemo sought to recover $23,828.85 in costs reasonably necessary to the defendants' defense. (R. Doc. 123). After a hearing on the issue, the Clerk of Court found that defendants were the prevailing party in the litigation and taxed $19,152.38 in costs against Katz. (R. Doc.

2

127).  Katz now challenges $5,472.44 of the taxed costs, arguing that this amount is not taxable under 28 U.S.C. § 1920.  (R. Doc. 128).

**II.  Legal Standard**

Section 1920 of Title 28 governs the taxable costs that a prevailing party in a suit may recover.  In short, the statute allows the Court to tax, among others, (1) fees for service of subpoenas, (2) fees for trial transcripts necessarily obtained for use in the case, (3) fees for depositions that seemed reasonably necessary at the time of the deposition, (4) fees for witnesses, and (5) fees for photocopies of papers reasonably necessary to pursue the litigation.  28 U.S.C. § 1920(1)-(4). The provisions of 28 U.S.C. § 1920 are strictly construed, *Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001), and a district court may not award costs unless it first determines "that the expenses are allowable cost items and that the costs are reasonable, both in amount and in necessity to the litigation." *Roberson v. Brassell*, 29 F.Supp.2d 346 (S.D. Tex. 1998).  The district court maintains "great latitude" in determining the appropriate taxation of costs between the parties, and its decision is reviewed only for clear abuse of discretion. *Stearns Airport Equipment Co., Inc. v. FMC*

*Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). While a party initially seeking costs bears the burden of supporting its request with evidence that the costs were "necessarily obtained for use in the case," *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991), a party challenging a court's assessment of costs bears the burden of demonstrating the proposed cost is not taxable. *See Monelus v. Tocodrian, Inc.*, 609 F.Supp.2d 1328, 1333 (S.D. Fla. 2009).

**III. Discussion**

Katz seeks to exclude the following costs taxed by the Court: $965.00 in subpoena expenses, $3,889.45 in deposition and court transcript expenses, and $617.99 in photocopying expenses. The Court will consider each in turn. (R. Doc. 128).

**A.   Subpoena Expenses**

Katz argues that the $965.00 taxes for service of trial subpoenas are not recoverable because defendants have not shown any "exceptional circumstances" meriting use of a private process server. (R. Doc. 128); *see Cypress-Fairbanks Indep. School Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997)(finding use of private process server unnecessary). Parties routinely employ private process servers, however. And courts often allow for the

4

taxation of such costs, especially when locating witnesses is cumbersome. *See e.g.*, *Compton v. Taylor*, 2006 WL 1789045, *3 (S.D. Tex 2006); *see also Landry v. St. James Parish School Board*, 2000 WL 1741886, *1 (E.D. La. 2000); *Alfex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 178 (9th Cir. 1990). In this case, defendants encountered some difficulty locating and serving plaintiffs' witnesses. For example, defendants' initially failed in their attempt to serve Scott Claire, Katz's expert, at the address listed on his expert report. (R. Doc. 131, Ex. A). Nor could Katz's counsel provide defendants with a proper address for Claire. *Id.* Defendants also made several unsuccessful attempts at service on two of plaintiff's other witnesses. *Id.* Given these circumstances, the Court finds defendants' private process service costs neither excessive nor unreasonably incurred.

Katz cites several district court cases as well as the Fifth Circuit case *Cypress-Fairbanks* in support of her argument that defendants' incurred costs were not necessary. (R. Doc. 128)(citing *Cypress-Fairbanks*, 118 F.3d at 257; *Roehrs v. Conesys, Inc.,* 2008 WL 755187 (N.D. Tex. 2008); *Interstate Contracting Corp. v. City of Dallas*, 2002 WL 236676 (N.D. Tex. 2002); and *Zdunek v. Washington Metro. Transit. Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983)). These cases are easily distinguishable,

however.  In *Cypress-Fairbanks*, plaintiffs' counsel offered to accept service on behalf of any unreachable witnesses.  *Cypress-Fairbanks*, 118 F.3d at 257.  Katz' counsel made no such offer in this case.  The cases of *Roehrs, Interstate Contracting Corp.,* and *Zdunek* are equally inapposite.  The prevailing defendants in each did not have problems locating witnesses.

**B.   Deposition and Court Transcript Expenses**

Katz also disputes the $3,768.70 taxed for daily trial transcripts and deposition transcripts.[1]  (R. Doc. 128).  Katz argues that the transcripts were obtained for defendants' convenience and not necessarily obtained for use in the case.  *See* 28 U.S.C. § 1920(2)(allowing "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case").  Whether a transcript is necessarily obtained is a factual determination for which the district court is granted "great latitude."  *See Fogleman*, 920 F.3d at 285.  "If, at the time it was taken, a deposition could reasonably be expected to

---

[1] Katz also asserts that the Clerk of Court improperly awarded costs for expedited delivery of deposition transcripts. (R. Doc. 128).  After review of defendants' invoices, (R. Doc. 123-3 and 123-4), however, the Court has found only one instance in which defendants ordered a deposition transcript on an expedited basis–the deposition of Ronald Newson.  Though defendants did not receive prior Court approval, the expedited delivery of Mr. Newson's deposition testimony was necessary given that the deposition occurred two weeks before trial.  *See Roehrs*, 2008 WL 755187, at *2.

6

be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id*. Defendants did not order all daily trial transcripts in this case. Rather, defendants ordered only those relating to witness examinations, oral argument of dispositive motions, and closing arguments. Defendants used certain transcripts to prepare and impeach subsequent witnesses at trial. Defendants used other transcripts to prepare the Federal Rule of Civil Procedure 50 motion they filed at the close of plaintiff's case. The Court is not persuaded by Katz's suggestion that defendants' purported use of the transcripts is not believable because defendants did not quote any transcripts in their Rule 50 motion. (R. Doc. 128). The trial transcripts were clearly not used for discovery given that discovery was closed when the trial commenced. Even if not quoted directly, that the transcripts may have informed defendants' arguments is sufficient for defendants to recover their costs. Because the Court is satisfied that such transcripts were necessarily obtained for use at trial, and not merely discovery, such fees are allowed. *See Interstate Contracting Corp.*, 2002 WL 236676 at *3.

**C.  Photocopy Expenses**

Lastly, Katz argues that $617.99 of defendants' photocopy expenses were not reasonably necessary for use in this case.

7

Katz specifically objects because defendants did not provide a description of the documents that were copied in their initial motion for costs. (R. Doc. 128). Although a non-prevailing party can be taxed for photocopying expense, "[the party] should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Fogleman*, 920 F.2d at 286. Defendants argue that the invoices attached to their motion indicate photocopying costs for claim files and insurance policies (invoice #18185), documents and exhibits for use in depositions (invoice #15087), and court-ordered bench books (invoice #N00409082). Defendants' explanation provides more than a mere conclusory statement that photocopying costs were incurred in preparation for trial. The Court finds no reason to discredit defendants' proffered invoices, and their explanations illustrate reasonable costs related to defendants' trial preparations.[2]

---

[2] Katz also argues that defendants' costs associated with demonstrative trial exhibits, office supplies, and other "litigation support services" are not taxable. Defendants used certain demonstrative exhibits during the examination of witnesses and others provided the jury aid in understanding the issues presented in the case. *See Perez v. Pasadena Indep. Sch. Dist.,* 165 F.3d 368, 374 (5th Cir. 1999)(affirming award of copying fees for trial exhibits); *Dibella v. Hopkins*, 407 F.Supp.2d 537, 539 (S.D. NY 2005). These costs were thus properly taxed by the Clerk of Court.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES Katz's motion for review of taxation of costs and assesses costs in the amount of $19,152.38 against Katz as previously stated by the Clerk of Court.

New Orleans, Louisiana, this __4th__ day of November, 2009

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE